**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL ACTION NO. 04-0227-CG** |
| **v.** | * | |
| | * | **CIVIL ACTION NO. 07-0242-CG** |
| **TERRY RAY REED** | * | |

## <u>ORDER</u>

This case is before the court on defendant's Motion to Vacate, Set Aside or Correct

Sentence (Doc. 50)[1] pursuant to 28 U.S.C. §2255, and the government's Motion to Dismiss

(Doc. 58) based on a valid waiver of the defendant's right to appeal and to collaterally attack the

sentence.  Defendant raises three claims: that counsel provided ineffective assistance by failing

to seek a downward departure at sentencing on the basis of defendant's reduced mental capacity;

that the government breached the plea agreement by failing to seek a downward departure for

substantial assistance or filing a motion pursuant to Fed.R.Crim.P. 35; and that the court erred in

making findings at sentencing under a preponderance of the evidence standard.  The court finds

dismissal to be required as to one of defendant's claims under the terms of the waiver and

applicable law.  The remaining claims are **DENIED** as being without merit.

<u>Procedural History</u>

Defendant was charged in a four-count indictment with one count of conspiracy to

manufacture methamphetamine, two counts of possession of pseudoephedrine with intent to

manufacture methamphetamine, and one count of possession of a firearm in connection with one

of the counts of possession of pseudoephedrine.  Attorney Chris Knight was appointed to

---

[1] For simplicity, the court will refer to the criminal case file in identifying documents,
and will refer to Mr. Reed as defendant.

represent defendant on December 14, 2004.  On December 28, 2004, defendant's attorney moved

for a psychiatric evaluation, citing various symptoms and a prior head injury which caused

amnesia for which defendant had received treatment.  Magistrate Judge Bivins granted the

unopposed motion, stating that she had noticed defendant displaying inappropriate behavior at

the detention hearing, and ordered that defendant be evaluated by personnel with the Bureau of

Prisons.

On May 3, 2005, attorney Knight moved to withdraw due to a conflict of interest prior to

the competency hearing and re-scheduled pretrial conference.  Attorney Sidney Harrell was

appointed to represent defendant in his place.  On May 16, 2005, the court conducted a

competency hearing, finding defendant competent to stand trial.  On the same day, defendant's

counsel filed a Notice of Intent to Plead Guilty.  The written plea agreement, filed before the

plea hearing on May 18, 2005, provided that defendant would plead guilty to counts two and

three which charged him with possession of a precursor chemical with intent to manufacture

methamphetamine and possession of a firearm in furtherance of a drug trafficking crime.

The written plea agreement also contained a limited waiver of right to appeal or

collaterally attack the sentence.  It contained the three standard exceptions to the waiver:

punishment in excess of the relevant statutory maximum sentence, punishment which constitutes

an upward departure from the applicable guidelines range, and ineffective assistance of counsel.

At the plea hearing, the court conducted a thorough Rule 11 colloquy and found that defendant

knowingly and voluntarily entered his plea.  The colloquy included discussion of the appeal

waiver provision, and defendant stated that he understood that he was waiving his right to appeal

the sentence except for those three exceptions.  The court accepted defendant's plea to counts

two and three and thereafter dismissed counts one and four on the government's motion.

Attorney Harrell  filed objections on defendant's behalf to the drug quantities and list of criminal activity contained in the presentence investigation report.  Thereafter, defendant became dissatisfied with his attorney's representation and hired Attorney Willie Huntley to represent him at sentencing.[2]

The court conducted a sentencing hearing on March 21, 2006, and sentenced defendant to 87 months imprisonment on Count Two, and 60 months imprisonment on Count Three, to run consecutively, plus a three-year term of supervised release and a special assessment of $200.00. Judgement was entered on April 4, 2006.

Defendant did not file a direct appeal of his sentence.  He timely filed the instant habeas motion on April 3, 2007.  The government has responded and also seeks dismissal of the defendant's motion under the terms of the appellate waiver provision of the plea agreement.

<u>Habeas Standard</u>

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct] appeal." <u>U.S. v. Frady</u>, 456 U.S. 152, 165 (1982).  A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." <u>Id</u>. at 164.  Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited.  <u>Addonizio v. U.S.</u>, 442 U.S. 178, 185 (1979).  Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same

---

[2]  On April 3, 2006, after being replaced as counsel for defendant and following the sentencing hearing at which attorney Huntley represented defendant, attorney Harrell filed a statement (Doc. 47) with the court stating that he had asked defendant if he wished to appeal, but that defendant had told him that he did not desire to do so.  Judgment was entered on April 4, 2006.

issues in a later collateral attack. ... A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings.  The appellate process does not permit reruns."  <u>Moore v. U.S.</u>, 598 F.2d 439, 441 (5th Cir. 1979).

In general, claims not raised on direct appeal may not be considered on collateral attack. A petitioner can, however, overcome his procedural default of claims not raised on direct appeal. The burden a petitioner must meet differs, depending upon the type of claim he raises.  First, "nonconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure."  <u>Burke v. U.S.</u>, 152 F.3d 1329, 1331 (11th Cir. 1998) (citations and internal quotations omitted).  A petitioner's burden with regard to constitutional claims not presented on direct appeal is slightly less stringent.  Constitutional claims may be considered if the petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors."  <u>Cross v. U.S.</u>, 893 F.2d 1287, 1289 (11th Cir. 1990); see also <u>Lynn v. U.S.</u>, 365 F.3d 1225, 1234 (11th Cir. 2004).

One way a petitioner may overcome a procedural default is by demonstrating that the default was due to constitutionally ineffective performance by counsel.  <u>Cross</u>, 893 F.2d at 1290. To establish ineffective assistance of counsel, a petitioner "must show that his attorney's performance was deficient and that the deficiency was prejudicial."  <u>Id.</u>  However, "[c]onclusory allegations of ineffective assistance are insufficient" <u>Wilson v. U.S.</u>, 962 F.2d 996, 998 (11th Cir. 1992) (quoting <u>U.S. v. Lawson</u>, 947 F.2d 849, 853 (7th Cir. 1991)).  Furthermore, "it is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective

assistance." <u>Bolender v. Singletary</u>, 16 F.3d 1547, 1573 (11th Cir. 1994).

> <u>Murray</u> [v. Carrier, 477 U.S. 478, 488 (1986)] teaches that a prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that "some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule," or that his attorney's performance failed to meet the <u>Strickland</u> standard for effective assistance of counsel.  <u>Id</u>. at 488, 106 S.Ct. at 2645.  Choosing the second option, [defendant] brought an independent Sixth Amendment claim of ineffective assistance of counsel.  Because [defendant] did not pursue the first option by showing some external cause for his procedural default, the district court should have denied the first [court error] claim and focused its attention solely on the second [Sixth Amendment] claim.

<u>Reece v. U.S.</u>, 119 F.3d 1462, 1465 (11th Cir. 1997).

A petitioner can establish cause for a procedural default if he can show that "some objective factor external to the defense impeded counsel's efforts to comply with the ... procedural rule," or that he received ineffective assistance of counsel with regard to that claim.

<u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  An attorney's performance may be found ineffective in the constitutional sense only if  "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984).

> When reviewing whether an attorney is ineffective, courts should always presume strongly that counsel's performance was reasonable and adequate. ... Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so.  This burden, which is petitioners' to bear, is and is supposed to be a heavy one.  And, we are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial ... worked adequately.  Therefore, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.

<u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994) (internal quotations and citations omitted).

<u>Analysis</u>

Defendant does not challenge the validity of the plea agreement or of the appeal waiver provision.  He does, however, claim that the Government breached the plea agreement but seeks specific performance rather than to withdraw the plea.  Nonetheless, the court reiterates that the plea – including the appeal waiver provision – was knowingly and voluntarily entered, and notes that the plea colloquy included a discussion of the terms and effect of the waiver.  See <u>U.S. v. Bushert</u>, 997 F.2d 1343, 1351 (11th Cir. 1993), cert. denied, 513 U.S. 1051 (1994) (holding that one way to demonstrate that an appeal waiver is valid and enforceable is to show that the court specifically questioned defendant about that provision).

<u>Ineffective Assistance of Counsel at Sentencing</u>

Defendant's first claim is that his attorney at sentencing was ineffective because he failed to argue for a downward departure based on defendant's diminished capacity, a factor recognized  by U.S.S.G. §5K2.13.  The government asserts that, despite being couched in terms of ineffective assistance of counsel, this claim is due to be dismissed on the basis of the defendant's limited appeal waiver.

The Eleventh Circuit has held that a defendant can not avoid the voluntary waiver of his right to appeal sentencing issues by recasting those issues as claims for ineffective assistance of counsel.  <u>U.S. v. Williams</u>, 396 F.3d 1340, 1342 (11th Cir. 2005).  One of our sister courts has recently distinguished <u>Williams</u> on the basis that the waiver provision at issue therein did not contain an exception, like the one in this case, for claims of ineffective assistance of counsel. See <u>Shoemaker v. U.S.</u>, 2007 WL 2230960 at *1 n.1 (M.D.Ala. Aug. 1, 2007)(Chief Judge Fuller); cf. <u>Cowart v. U.S.,</u> 139 Fed.Appx. 206 (11th Cir. 2005) (table, text available on

Westlaw)(holding that <u>Williams</u> precluded ineffective assistance claims arising from sentencing; appeal waiver did not include exception for claims of ineffective assistance of counsel). A reasoned argument may be advanced that, in the absence of specific advice from his attorney and/or from the court pursuant to Rule 11, a criminal defendant presented with an appellate waiver provision containing an exception for claims of ineffective assistance of counsel could not reasonably be expected to understand that the exception itself contains an implied exception for all ineffective assistance claims related to sentencing,[3] and that such a defendant could not be said to have knowingly agreed to that term.[4] Due to concern that <u>Williams</u> may not apply, the court declines to dismiss defendant's claim of ineffective assistance of counsel at sentencing.[5]

To state a claim of ineffective assistance of counsel, a defendant must show both that his attorney's performance was deficient and that his performance prejudiced the defendant. <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). Counsel's representation must fall below an objective standard of reasonableness. <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 476-77 (2000). "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief

---

[3] The Court in <u>Williams</u> noted the possibility of a distinction "between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement." <u>Id</u>. at 1342 n. 2; see <u>Cowart v. U.S.</u>, 139 Fed.Appx. 206 (11th Cir. 2005)(holding that attacks on the validity of the plea are not precluded by the waiver of the right to appeal or collaterally attack her sentence.)

[4] Arguably, as the Court of Appeals has held that a waiver of the right to appeal the sentence applies only to the sentence and not to the plea or other issues, see <u>U.S. v. Copeland</u>, 381 F.3d 1101, 1104-05 (11th Cir. 2004) and <u>Cowart v. U.S.</u>, 139 Fed.Appx. 206 (11th Cir. 2005), an exception to that waiver for claims of ineffective assistance of counsel would only apply to claims related to sentencing. Thus, an implied limitation on that exception as to sentencing-related ineffective assistance claims would utterly contradict the express provision of the agreement.

[5] The court does not address the potential applicability of the procedural bar doctrine to this claim, as the government did not raise the issue.

can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so."  Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

Reasonable counsel could have questioned whether defendant's condition, as detailed in the report of the court-ordered evaluation, satisfied the requirements of U.S.S.G. §5K2.13.[6]  The report raised issues of malingering, based on tests designed to identify exaggeration of intelligence deficits, and concluded that the results of the cognitive function tests should not be viewed as genuine.  The report further states that "defendant's mental status throughout the evaluation period does not suggest the presence of an active phase of mental illness ... that would have interfered with his criminal responsibility."  Further, reasonable counsel could readily have believed that, as the court had made a competency determination concerning defendant and was aware of his condition, it was unnecessary to reiterate that factor at sentencing, particularly in light of the results of the competency evaluation.

In addition, in light of the report concerning the competency evaluation, defendant can not demonstrate the prejudice prong of the Strickland analysis.  The undersigned finds it highly unlikely, in view of the evidence of his malingering in the evaluation, that his sentence would have been reduced had defendant's attorney made an express request for a downward departure based on defendant's "significantly reduced mental capacity."  Defendant's ineffective assistance of counsel claim is **DENIED**.

---

[6]  The Application Note to U.S.S.G. §5K2.13 states that " '[s]ignificantly reduced mental capacity' means that the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful."

Breach of the Plea Agreement

Defendant next asserts that the government breached the plea agreement by failing to move for a downward departure for substantial assistance pursuant to U.S.S.G. 5K1.1 or Fed.R.Crim.P. 35.  The government asserts that defendant's claim is due to be dismissed pursuant to the appeal waiver.  The Eleventh Circuit has previously rejected the government's argument.  In U.S. v. Copeland, 381 F.3d 1101, 1104-05 (11th Cir. 2004), the court held that a waiver of the right to appeal or collaterally attack a sentence does not preclude appeal based on claim of breach of plea agreement, finding the government's contention "quite meritless" as the waiver was only of appeal of the sentence and not of "anything connected to [the drug] case" as argued by the government.  See U.S. v. Williams, 189 Fed.Appx. 883, 884 (11th Cir. 2006) (similar; citing Copeland).  The court thus considers this claim on its merits.

> If the defendant alleges and makes a threshold showing that the government's refusal to file a substantial assistance motion was a breach of a plea agreement, an evidentiary hearing and relief may be appropriate. United States v. Gonsalves, 121 F.3d 1416, 1419-20 (11th Cir.1997).  However, where a plea agreement requires the government to "consider" filing a Rule 35 motion, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach. See [U.S. v.] Forney, 9 F.3d [1492] at 1500-02 [(11th Cir. 1993)].

U.S. v. Rojas-Santana, 180 Fed.Appx. 887, 888 (11th Cir. 2006)

Defendant has failed to make a threshold showing sufficient to make an evidentiary hearing appropriate.  Further, the Government's failure to seek a reduction of sentence in this case is not a breach of the plea agreement under this Circuit's case law.  Some other courts have held that the government must at least state on the record that it had made such a determination.  See U.S. v. Lukse, 286 F.3d 906, 912-13 (6th Cir. 2002)(under plea agreement giving government complete discretion to determine whether assistance was substantial, government

was nonetheless required to make that determination and not simply leave it unanswered; inadvertent breach is still breach).  However, in <u>Forney</u>, this Circuit appears to have adopted an implicit presumption that, if the government has not moved for downward departure, it at least considered the issue and decided that the assistance was not substantial.[7]  As there is no evidence in the record that the government did not consider the issue, and as defendant has made no showing that the government based its decision on an unconstitutional motive, <u>id</u>. at 1502-03, defendant can not demonstrate that the government breached its duty under the plea agreement. This claim is thus **DENIED**.

<u>Booker error</u>

Defendant's third claim is that the court committed <u>Booker</u> error by sentencing him based on findings not made by the jury under the 'beyond a reasonable doubt' standard and which he did not admit in his guilty plea.  This ground for his motion is unrelated to any claim of ineffective assistance of counsel.  The government is correct that defendant waived his right to raise this sentencing issue.  See <u>U.S. v. Rubbo</u>, 396 F.3d 1330 (11th Cir. 2005) (<u>Booker</u> claims are subject to appellate waiver provision, despite exception for sentence above the statutory maximum).[8]  Accordingly, defendant's third claim is **DENIED**.

---

[7] Because Forney apparently supplied no useful information, the government did not make a 5K1.1 motion. See infra n. 4. <u>There is no evidence that the government did not consider Forney's assistance</u>, which is all that it promised to do. This is simply not a case where the government failed to comply with this explicit provision of the plea agreement.  <u>Forney</u>, at 1500 n.2 (Emphasis added).

[8] As noted by the government, defendant was sentenced under the advisory Guidelines scheme created by <u>Booker</u>.  Thus, <u>Booker</u> can not be read to provide a basis for attacking the court's fact-finding by a preponderance of the evidence at sentencing.

<u>Conclusion</u>

The court finds that defendant's first claim, that his attorney was ineffective at sentencing, is not subject to the waiver provision of the plea agreement, but is nonetheless without merit.  Similarly, the court finds that defendant's claim that the government breached the plea agreement is not subject to the appellate waiver, but that the government did not breach the agreement.  Defendant's third claim was validly waived.  Accordingly, it is hereby **ORDERED** that defendant's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

**DONE** and **ORDERED** this the 25th day of August, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE