IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
|  | ) **CRIMINAL ACTION NO. 04-0227-CG** |
| vs. | ) |
|  | ) **CIVIL ACTION NO. 00-0753-CG-M** |
| **TERRY RAY REED** | ) |
|  | ) |
| **Defendant/Petitioner** | ) |

**ORDER**

This matter is before the court on limited remand from the Court of Appeals for the Eleventh Circuit which found that this court failed under Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992)(en banc) to address one of the defendant's claims in his brief supporting his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("2255 petition"). This unadjudicated claim is defendant's assertion that the government violated his constitutional rights to due process when it breached the plea agreement by failing to recommend a sentence at the low end of the guidelines.  (Doc. 68).  This court now adopts the findings and conclusions of its previous order (Doc. 60) and concludes for the following reasons that the defendant is procedurally barred from bringing the above claim because the claim was not raised on direct appeal.  Therefore, the defendant's 2255 petition is **DENIED**.

Procedural History

The defendant was charged in a four-count indictment with one count of conspiracy to manufacture methamphetamine, two counts of possession of pseudoephedrine with intent to manufacture methamphetamine, and one of count of possession of a firearm in connection with one of the counts of possession of pseudoephedrine with intent to distribute.  (Doc. 1).  On May

16, 2005, the defendant's counsel filed a Notice of Intent to Plead Guilty. (Doc. 29). The written plea agreement, filed before the plea hearing on May 18, 2005, provided that the defendant would plead guilty to counts two and three which charged him with possession of a precursor chemical with intent to manufacture methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 31, p. 3). The written agreement also specified that "[t]he United States will recommend to the Court that the defendant be sentenced at the low end of the applicable advisory sentencing guideline range as determined by the Court." (Id., p. 5).

Furthermore, the written plea agreement contained a limited waiver of right to appeal or collaterally attack the sentence. It included the three exceptions to the waiver that are standard in plea agreements filed in this district: punishment in excess of the relevant statutory maximum sentence, punishment which constitutes an upward departure from the applicable guidelines range, and ineffective assistance of counsel. (Id., p. 10). At the plea hearing, the court conducted a thorough Rule 11 colloquy and found the defendant knowingly and voluntarily entered his plea. The colloquy included discussion of the appeal waiver provision, and the defendant stated that he understood that he was waiving his right to appeal the sentence except for those three exceptions. The court accepted the defendant's plea to counts two and three. Counts one and four were dismissed after sentencing on the government's motion. (See Doc. 56).

The court conducted a sentencing hearing on March 21, 2006, and the court determined that the defendant's adjusted base offense level was 27, and his criminal history category was I, resulting in an advisory range of 70 to 87 months as to Count Two. The court sentenced defendant to a high-end guidelines sentence of 87 months imprisonment on Count Two, and 60 months imprisonment on Count Three, to run consecutively, plus a three-year term of supervised

release and a special assessment of $200.00.  At the hearing, the government did not recommend that the defendant be sentenced at the low end of the applicable advisory sentencing guideline range as determined by the Court.  (See Doc. 57).  Judgment was entered on April 4, 2006.  (Doc. 48).

The defendant did not file a direct appeal of his sentence.  He timely filed the instant habeas motion and supporting brief on April 3, 2007.  (Doc. 50 & 51).  The government responded to that motion and also sought dismissal of the defendant's motion under the terms of the appellate waiver provision of the plea agreement.  (Doc. 58).  In his supporting brief, the defendant raised three issues: (1) that his counsel was ineffective in failing to seek a downward departure at sentencing; (2) that the government breached the plea agreement by not recommending to the court to sentence the defendant at the low end of the guidelines and also by not filing a 5K1.1 motion; and (3) that there was a Booker[1] error at sentencing regarding determination of drug quantity.  (Doc. 51, p. 8, 11-12, 14).

This court ultimately granted the government's motion to dismiss as to the third claim, and denied the first two grounds on the merits.  (Doc. 60).  The defendant thereafter appealed this court's order pro se, and the Eleventh Circuit issued a partial remand, finding that this court failed under Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992)(en banc) to address the defendant's claim that the United States breached the plea agreement by failing to recommend a sentence at the low end of the guidelines.  (Doc. 68).  On February 20, 2009, the government filed a response to this unadjudicated claim.  (Doc. 70).

## Habeas Standard

Habeas relief is an extraordinary remedy which "may not do service for a [ ] [direct]

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)

appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). A defendant who has waived or exhausted his right to appeal is presumed to stand "fairly and finally convicted." Id. at 164. Unless a claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained extremely limited. United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Consequently, "[i]f issues are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack. ... A defendant is, of course, entitled to a hearing of his claims, but not to duplicate hearings. The appellate process does not permit reruns." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979).

## Analysis

The defendant asserts that the government breached the plea agreement thus violating his constitutional right to due process by failing to recommend a sentence at the low end of the guideline range. (Doc. 51 , p. 12). The government, on the other hand, maintains that the defendant is barred from raising this claim in a § 2255 motion because he did not raise this issue on appeal and thus has procedurally defaulted the claim. (Doc. 70, p. 5).

Under the procedural default rule, the defendant "generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)(citations omitted). Generally, "[t]his rule generally applies to all claims, including constitutional claims." Id. (citing Wainwright v. Sykes, 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977)(applying cause and prejudice standard to constitutional claims))(other citation omitted). However, "if the challenge were not available to a defendant at the time of the direct appeal, the defendant would not be procedurally barred from presenting the

issue in a section 2255 proceeding, provid[ed] the issue is among that narrow range of issues reviewable under section 2255." Green v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989)(citations omitted); see also Frady, 456 U.S. at 167-169; Cross v. United States, 893 F.2d 1287, 1289 (11th Cir. 1990).

To avoid this procedural bar, the defendant must show both (1) cause excusing the failure to raise such claims previously and (2) actual prejudice resulting therefrom. McCleskey v. Zant, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); Frady, 456 U.S. at 168; Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000); United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000); Cross, 893 F.2d at 1289; Parks, 832 F.2d at 1245.  This test applies "to a § 2255 claim that the government breached the parties' plea agreement." Genge v. United States, 279 Fed.Appx. 897, 898 (11th Cir. 2008)(citing Martorana v. United States, 873 F.2d 283, 285 (11th Cir. 1989)).

To establish legal "cause" to excuse a procedural default, the defendant must demonstrate that "some objective factor external to the defense prevented [the defendant] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the defendant's] own conduct..." Lynn, 365 F.3d at 1235 (11th Cir. 2004)(emphasis added).  To establish "prejudice," the defendant must demonstrate "not merely that the errors... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original).  Where the defendant fails to establish both "cause" and "prejudice" pertaining to his failure to raise on direct appeal issues being raised for the first time in a § 2255 motion, summary dismissal of those claims is warranted. Garland v. United States, 837 F.2d 1563, 1565 n.4 (11th Cir. 1988); Parks, 832 F.2d at 1246.

The defendant has failed to show "cause" excusing his failure to appeal. The defendant's motion and supporting brief are silent on this issue. The motion asks that "[i]f any of the issues that you are raising in this motion have not been previously presented, explain which issues are being raised for the first time and why", and the defendant left his answer blank. (See Doc. 50, p. 5-6). Furthermore, his supporting brief does not discuss any specific reason why he did not directly appeal this claim. (See Doc. 51, pp. 11-13). The only factor that arguably could have prevented the defendant from raising his claim on direct appeal was his own direct appeal waiver. Since this waiver was attributable to his own conduct, this factor does not establish adequate "cause" to excuse his procedural default. See Ware v. United States, slip op., 2009 WL 2567023, at *8 (S.D.Fla. May 14, 2009)(held that the movant was procedurally barred from bringing a § 2255 motion because the movant pled guilty pursuant to a plea agreement in which he expressly waived his right to directly appeal his sentence."); see also United States v. Pipitone, 67 F.3d 34, 39 (2d Cir. 1995); United States v. Smith, 113 F.Supp.2d 879, 898 (E.D.Va. 1999). Because the defendant has not shown "cause" for his failing to raise this claim on direct appeal, the court need not consider whether he suffered "prejudice" by this procedural default.

## Conclusion

In sum, the defendant did not directly appeal his guilty plea. As a result, this sentencing claim, as set forth in his § 2255 motion, is procedurally barred. The defendant can not overcome this bar because he has not and can not show adequate "cause" - an objective factor external to the defense and not attributable to his own conduct - to excuse his default. Accordingly, the defendant is now barred from making this particular claim through a collateral attack. Therefore, the defendant's claim - that the government breached the plea agreement thus

violating his constitutional right to due process by failing to recommend a sentence at the low end of the guideline range - is dismissed.  For the reasons stated above and in this court previous order (Doc. 60), it is hereby **ORDERED** that the defendant's 2255 petition is **DENIED**.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE